IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DOUG ALLEN BERNACCHI,<br><br>               Plaintiff,<br><br>v.<br><br>STATE OF UTAH, THE SUPREME COURT OF UTAH, THOMAS REX LEE, NICOLE GRAY, BARBARA TOWNSEND, and OTHER UNKNOWN DEFENDANTS at the time of filing,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:22-cv-00308-TC<br><br>District Judge Tena Campbell |

Pro se plaintiff Doug Allen Bernacchi filed two nearly identical lawsuits in the United States District Court for the Western District of Virginia, the judicial district where he lives. See Bernacchi v. State of Utah et al., No. 3:22-cv-15 (W.D. Va. Apr. 11, 2022); Bernacchi v. State of Utah et al., No. 3:22-cv-19 (W.D. Va. Apr. 29, 2022). They were transferred to the United States District Court for the District of Utah and have both landed before this court. (See Bernacchi v. State of Utah et al., No. 2:22-cv-256 (ECF No. 4); Bernacchi v. State of Utah et al., No. 2:22-cv-308 (ECF No. 5).) Both cases concern an ongoing reciprocal-attorney-discipline proceeding against Mr. Bernacchi now on appeal before the Utah Supreme Court. See Off. of Pro. Conduct v. Bernacchi, No. 20210034 (Utah Jan. 12, 2021). Both complaints ask for identical relief: a mix of injunctive relief, declaratory judgments, and damages. Though the second complaint includes additional facts that have allegedly occurred since the first complaint was filed, the complaints are otherwise identical.

Mr. Bernacchi asks for an emergency ex parte temporary restraining order (TRO) staying the Utah Supreme Court's proceedings against him ahead of that court's June 6, 2022 oral

argument.[1]  A court may issue an ex parte TRO only if the movant sets forth "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result" if the court waits to hear from the defendants.  Fed. R. Civ. P. 65(b)(1)(A).  The movant must also "certif[y] in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).  Mr. Bernacchi includes neither an affidavit nor a verified complaint, and his complaint is short on reasons why notice should not be given to the Defendants in this case.  For that reason alone, the court cannot grant an ex parte TRO.

But even if the court were to give notice to the Defendants and thereafter consider the merits of Mr. Bernacchi's TRO request, it would still deny injunctive relief.  The elements of a TRO are the same as those for a preliminary injunction.  Firebird Structures, LCC v. United Bhd. of Carpenters, Loc. Union No. 1505, 252 F. Supp. 3d 1132, 1156 (D.N.M. 2017).  To obtain injunctive relief, a moving party must show "(1) a likelihood of success on the merits; (2) a likely threat of irreparable harm to the movant; (3) the harm alleged by the movant outweighs any harm to the non-moving party; and (4) an injunction is in the public interest."  Hobby Lobby Stores, Inc. v. Sebelius, 723 F.3d 1114, 1128 (10th Cir. 2013) (en banc) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)), aff'd sub nom. Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682 (2014).

Mr. Bernacchi fails at step one, as he cannot show that he is likely to succeed on the merits of his claim.  The court has sorted through Mr. Bernacchi's prolix complaint.  He argues that Utah does not have jurisdiction to impose reciprocal discipline because, among other reasons, (1) he is no longer barred in Utah, (2) he is a citizen of Virginia, (3) the statute of

---

[1] Supreme Court Oral Arguments Calendars - May 2022,
https://www.utcourts.gov/opinions/cal/calendar.php?court=sup &month=5&year=2022 (last visited May 11, 2022).

limitations has run, (4) he has not received adequate due process, and (5) two Utah Supreme Court justices have recused from the appeal. (See generally Compl., ECF No. 2.) His chief claim is that Utah's haling him into court violated his constitutional rights. This claim is unlikely to succeed on the merits because the court will likely abstain from deciding his case and defer to the Utah courts under the doctrine first announced in Younger v. Harris, 401 U.S. 37 (1971). See Yelverton v. Fox, 997 F. Supp. 2d 1, 5 (D.D.C. 2013).

The Supreme Court has addressed circumstances under which federal courts should abstain from state attorney-discipline proceedings under Younger. The Court noted that "[w]here vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'" Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (quoting Moore v. Sims, 442 U.S. 415, 426 (1979)). The Court then identified a three-part test to determine "whether the state proceedings afford an adequate opportunity to raise the constitutional claims." Id. (quoting Moore, 442 U.S. at 430). First, a court asks whether "state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding." Id. Second, whether "the proceedings implicate important state interests." Id. And third, whether there is "an adequate opportunity in the state proceedings to raise constitutional challenges." Id. If these three criteria are met, the federal court should abstain unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Id. at 435.

Here, the Middlesex criteria are satisfied. First, the Utah Constitution grants power to govern the practice of law to the Utah Supreme Court, see Utah Const. art. VIII, § 4, and the proceedings against Mr. Bernacchi that began in state district court (and now are before the Utah

Supreme Court) are plainly judicial in nature.  Second, regulating and disciplining attorneys is undoubtedly an important state interest.  The court finally presumes that Mr. Bernacchi could have adequately raised any of his challenges—constitutional or otherwise—in the state district court.  After all, those courts are empowered to hear constitutional challenges.  His case is now before the Utah Supreme Court, where he can also raise his constitutional arguments.  And other than wild speculation about a conspiracy against him, Mr. Bernacchi fails to show any extraordinary circumstance exists that would make abstention inappropriate.

Ultimately, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy."  Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970).  The court has considerable doubts about the merits of Mr. Bernacchi's claims.  Because Mr. Bernacchi has not shown why the court should stop the Utah Supreme Court from hearing his appeal, the court DENIES his request for a TRO.

DATED this 11th day of May, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge