IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DOUG ALLEN BERNACCHI,<br><br>               Plaintiff,<br><br>v.<br><br>STATE OF UTAH, THE SUPREME COURT OF UTAH, THOMAS REX LEE, NICOLE GRAY, BARBARA TOWNSEND, and OTHER UNKNOWN DEFENDANTS at the time of filing,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 2:22-cv-00308-TC<br><br>District Judge Tena Campbell |

       On May 11, 2022, the court denied pro se plaintiff Doug Allen Bernacchi's request for an ex parte temporary restraining order (TRO).  (ECF No. 8.)  Within a week, Mr. Bernacchi filed an "emergency motion to reconsider" the court's order.  (ECF No. 10.)  He asserts that "[t]he court's ruling makes false leaps in logic and applies law to mistaken facts."  (Mot. at 1, ECF No. 10.)  And he then goes on to cite various facts that the court supposedly overlooked, including that the state district court held an "inaudible technically defective video call" in lieu of an "actual hearing," that the state district court "defaulted" Mr. Bernacchi, and that his pleadings were "wrongly stricken."  (Mot. at 2.)

       The Tenth Circuit has set forth the grounds on which a motion for reconsideration is appropriate.  They include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012

(10th Cir. 2000) (citing Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995)). The court is confident that none of these grounds are met here.

Mr. Bernacchi fundamentally misunderstands the court's order. The court did not dismiss his complaint, nor did it rule on the merits of his claims. In seeking a TRO, Mr. Bernacchi faced difficult odds. He had to show "(1) a likelihood of success on the merits; (2) a likely threat of irreparable harm to the movant; (3) the harm alleged by the movant outweighs any harm to the non-moving party; and (4) an injunction is in the public interest." Hobby Lobby Stores, Inc. v. Sebelius, 723 F.3d 1114, 1128 (10th Cir. 2013) (en banc) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)), aff'd sub nom. Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682 (2014). The court did not "us[e] his failure, as a pro se person" to "rule against him." (Mot. at 1.) Rather, the court independently applied the test for injunctive relief, finding that Mr. Bernacchi did not meet the first element, likelihood of success on the merits.

The court reached this conclusion because of the relief Mr. Bernacchi was seeking. He asked the court to stop the Utah Supreme Court from hearing an appeal—an appeal that he initiated—because he believes Utah's attorney-reciprocal-discipline process violated his due-process rights. Federal district courts should abstain (that is, refrain from exercising jurisdiction) in situations like the one Mr. Bernacchi presents. This is because federal courts presume that state courts can enforce federal rights. Mr. Bernacchi does not quarrel with the court's analysis on the factors from Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). He instead tries to argue the merits of his case. Middlesex instructs that federal courts should not hear the merits of a case—even a potentially meritorious case—when state attorney-discipline proceedings are ongoing and any constitutional issues can be raised in that

2

state proceeding.  See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 81 (2013).  Mr. Bernacchi's case falls squarely within that prohibition.[1]

The Utah Supreme Court governs the practice of law in Utah.  See Utah Const. art. VIII, § 4.  It has dealt with innumerable attorney-discipline cases and is quite familiar with both Utah law and its own jurisdiction.  If Mr. Bernacchi's case is as straightforward as he makes it seem, and if the state disciplinary proceedings are as frivolous as he paints them to be, the court trusts the Utah Supreme Court to do its job and enforce his federal constitutional rights.  But the court has heard only Mr. Bernacchi's side of the story, and rarely are constitutional issues as simple as he describes.  If Mr. Bernacchi wants further relief from the court, he must serve process on the Defendants so they can respond to his allegations.  Fairness dictates that both sides be heard.

The court DENIES Mr. Bernacchi's motion for reconsideration (ECF No. 10).[2]

DATED this 18th day of May, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[1] The court notes, however, that it is not invoking Younger v. Harris abstention at this stage.  Rather, the court is simply indicating that this case is likely one that meets the three Middlesex criteria, meaning Mr. Bernacchi's case is unlikely to succeed on the merits.  Once the Defendants have a chance to respond to Mr. Bernacchi's complaint, they may raise this issue or other issues.

[2] The court also reminds Mr. Bernacchi that any objections to the court's consolidation order (ECF No. 9 in 2:22-cv-308; ECF No. 27 in 2:22-cv-256) are due May 25, 2022.